**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY WAYNE SEDA,
        Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
        Agency.

DOCKET NUMBER
PH-1221-19-0026-W-1

DATE: March 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Wayne Seda</u>, Aberdeen, Maryland, pro se.

<u>Jennifer Karangelen</u>, Esquire, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal as barred by res judicata. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the issue of the Board's jurisdiction over the appellant's claims is barred by the doctrine of collateral estoppel rather than the doctrine of res judicata, and to dismiss the appeal for lack of jurisdiction on that basis, we AFFIRM the initial decision.

## BACKGROUND

On January 18, 2017, the appellant filed an IRA appeal from the agency's action removing him during his probationary period from the position of Social Insurance Specialist, Claims Representative, GS-07, effective January 25, 2006. *Seda v. Social Security Administration*, MSPB Docket No. PH-1221-17-0149-W-1, Initial Appeal File (0149 AF), Tab 6 at 2-3. The administrative judge dismissed the appeal for lack of jurisdiction. 0149 AF, Tab 29, Initial Decision (0149 ID) at 5-8. Specifically, he found that the appellant alleged reprisal for advising the agency that he planned to file an equal employment opportunity (EEO) complaint and contact the Department of Labor (DOL) alleging that the agency violated his rights under the Family and Medical Leave Act of 1993 (FMLA) and denied him reasonable accommodation. 0149 ID at 7. However, he concluded that the appellant failed to prove that he exhausted those alleged disclosures or activities with the Office of Special Counsel (OSC). 0149 ID at 8.

In the alternative, the administrative judge denied corrective action. 0149 ID at 8-13. That initial decision became the Board's final decision when neither party filed a petition for review by October 19, 2017. 0149 ID at 13; *see* 5 C.F.R. § 1201.113(a) (explaining that, absent a petition for review, an initial decision generally becomes the Board's final decision 35 days after issuance).

In the instant appeal, the administrative judge found that the appellant had made the same arguments that he made in that prior appeal, i.e., that the agency retaliated against him for filing DOL and EEO complaints when it removed him from his position during his probationary period. Initial Appeal File (IAF), Tab 22, Initial Decision (ID) at 2-3. Because he found that the pleadings in both appeals were identical, and the prior decision was the Board's final decision, he dismissed the instant appeal on the basis of res judicata. ID at 3. In his petition for review, the appellant disputes the merits of his termination[2] and reiterates his claim of retaliation. Petition for Review (PFR) File, Tab 1 at 2-3, 7. He argues that the agency denied him due process and committed harmful error. *Id*. at 2, 4-7. He also argues that the administrative judge was biased against him. *Id*. at 2-3. The agency has filed a response to the appellant's petition for review. PFR File, Tab 5. The appellant has filed a reply to the agency's response. PFR File, Tab 8.

---

[2] The appellant was terminated from his excepted-service appointment during his trial period and lacked the requisite 1 year of current continuous service necessary to be an "employee" with adverse action appeal rights to the Board under 5 U.S.C. § 7511(a)(1). *Seda v. Social Security Administration*, MSPB Docket No. PH-0752-07-0053-I-1, Initial Decision (Jan. 31, 2007). That decision became the Board's final decision on whether the appellant met the definition of "employee" under 5 U.S.C. § 7511(a)(1) when the Board denied the appellant's subsequent petition for review. *Seda v. Social Security Administration*, MSPB Docket No. PH-0752-07-0053-I-1, Final Order (May 8, 2007); 5 C.F.R. § 1201.113. Thus, to the extent the appellant argues the merits of his termination, asserts that the agency violated his right to due process, or raises allegations of harmful error or disability discrimination as to that termination, we lack authority to consider those claims. *See Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶¶ 10, 16 (2011) (finding that, because the Board lacked jurisdiction over the expiration of an appellant's temporary appointment, it also lacked jurisdiction over his discrimination and due process claims).

**DISCUSSION OF ARGUMENTS ON REVIEW**

The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) both concern the preclusive effect of a prior adjudication and are based on similar policy concerns—to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). As noted above, the administrative judge found that the appellant's IRA appeal was barred by res judicata. We find this to be an error, as a dismissal of a prior case for lack of jurisdiction cannot be given res judicata effect. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 9 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). The Board may not address the merits of an IRA appeal before making a jurisdictional determination. *See King v Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 8 (2007) (finding that the Board must address the jurisdictional issue before proceeding to the merits of an IRA appeal and that, without jurisdiction, an administrative judge's findings on the merits are a nullity). Thus, although the administrative judge addressed the merits of the appellant's claims in his prior decision, we treat the dismissal of the appeal as a jurisdictional determination only.

The Board applies collateral estoppel to determine whether a previous adjudication of a jurisdictional issue precludes its relitigation. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 15-20 (2005). Collateral estoppel is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Id.*, ¶ 15. Collateral

estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Hau*, 123 M.S.P.R. 620, ¶ 13.

The administrative judge found that the appellant raised the same disclosures and activities in the instant matter as in his prior whistleblower appeal. ID at 3. We have reviewed the record and agree with the administrative judge that the disclosures and activities in each appeal are identical. IAF, Tab 1 at 89, Tab 5 at 94; PFR File, Tab 1 at 19; 0149 AF, Tab 6 at 30-40. In his prior appeal, the appellant asserted that the agency terminated him because he informed his supervisors that he would file an equal EEO complaint and contact the DOL because the agency denied him leave under FMLA and a reasonable accommodation. 0149 ID at 7. As noted above, the appellant did not file a petition for review of the initial decision in his prior appeal challenging the administrative judge's findings on the issue of OSC exhaustion, and does not address the issue in the instant appeal.

Further, the appellant has not provided evidence that he cured his failure to exhaust his disclosures and activities with OSC. He attached to his appeal a copy or printout of a letter to OSC, dated "Wednesday, 17, 2018." IAF, Tab 1 at 7-15. However, it appears that he is asserting that he sent a copy of his initial appeal, including this letter, to OSC when he filed his initial appeal with the Board. *Id.* at 31. He does not claim that he filed the letter with OSC as a new complaint. Further, both below and on petition for review, the appellant refers to a 2006 contact with OSC, but does not mention the 2018 correspondence. PFR File, Tab 1 at 7; IAF, Tab 11 at 29, 33, Tab 12 at 16, 18.

We also find that the dispositive jurisdictional issue was identical to the issue actually litigated in the appellant's prior appeal. 0149 ID at 7; ID at 2-3; *Setevage v. Department of Defense*, 77 M.S.P.R. 120, 125 (1997) (finding collateral estoppel barred an appellant from relitigating the issue of jurisdiction

over an IRA appeal). The administrative judge did not hold a hearing. 0149 ID at 3 n.2. However, none was required. That an issue was "actually litigated" means that the issue must have been contested by the parties and submitted for determination by a court or other neutral adjudicator. *Hamiter v. U.S. Postal Service*, 96 M.S.P.R. 511, ¶ 17 (2004). The administrative judge's finding of no jurisdiction was necessary to the resulting dismissal of the prior appeal, and because the appellant was a party to the earlier action, he had a full and fair opportunity to litigate the issue. 0149 ID at 7-8; *McNeil*, 100 M.S.P.R. 146, ¶ 15 (explaining that one of the ways in which a party in the new action had a full and fair opportunity to litigate an issue in a prior action was as a party).

Although we agree with the administrative judge's ultimate conclusion that the claim is barred, because the prior decision found that the appellant failed to establish jurisdiction over his appeal, we find that it is barred by collateral estoppel rather than res judicata. *Hau*, 123 M.S.P.R. 620, ¶ 9. We find that the administrative judge erred in finding that the appeal was barred by res judicata, rather than to dismiss the appeal for lack of jurisdiction, relying on the doctrine of collateral estoppel. As discussed above, collateral estoppel is the proper doctrine on which to base a finding of preclusion when the prior appeal was dismissed for lack of jurisdiction. However, this error was harmless and therefore is not a basis to reverse the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for revisal of an initial decision).

To the extent that the administrative judge found that issues the appellant could have raised in his prior IRA appeal, but did not do so, were also barred, ID at 2-3, this was also an error. While res judicata precludes parties from relitigating issues that could have been raised in the previous action, collateral estoppel does not; it only precludes the relitigation of issues that were actually litigated in the prior action. *Fisher v. Department of Defense*, 64 M.S.P.R. 509,

513 n.1 (1994). Nevertheless, we have carefully examined the appellant's pleadings and, as noted above, we find that he raised no new disclosures or activities, and he does not allege that he filed a new complaint with OSC. Because the appellant raised no other issues concerning jurisdiction over his IRA appeal, we find this error is also harmless. *Panter*, 22 M.S.P.R. at 282.

The appellant attached numerous documents to his petition for review. PFR File, Tab 1 at 27-220. He provided a table identifying the date of each document included with his petition for review, indicating that all of the documents date from before the close of the record below. *Id.* at 27-43; 5 C.F.R. § 1201.59. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Because the appellant does not make such a showing here, we have not considered these documents.

As to his claims of bias against the administrative judge, the appellant essentially expresses his disagreement with the administrative judge's adjudication of the issues in this and prior appeals. PFR File, Tab 1 at 2-3. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant makes no such showing. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant's allegations fail to do so.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.